# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ELEMENT SNACKS, INC.** | : | **Civil Case Number** |
| *Plaintiff,* | : | |
| | : | **3:18-cv-1128 (VLB)** |
| **v.** | : | |
| | : | **August 29, 2018** |
| **GARDEN OF LIGHT, INC., d/b/a** | : | |
| **BAKERY ON MAIN** | : | |
| *Defendant.* | : | |

## MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT [DKT. 40] AND MOTION TO MODIFY INJUNCTION [DKT. 42]

Before the Court is Defendant's Motion to Modify the [Dkt. 38] Order on Plaintiff's Motion for Preliminary Injunction (the "Order").[1] [Dkt 42]. Plaintiff, Element Snacks, Inc. ("Element") and Defendant, Garden of Light, Inc., d/b/a Bakery on Main ("Bakery") are involved in a dispute over their Manufacturing Agreement (the "Agreement") which obligates Bakery to manufacture Element's rice cake products for an agreed-upon price. [*See* Dkt. 1-1 (Manufacturing Agreement)]. On August 1, 2018, the Court held a hearing on Element's Motion for Preliminary Injunction (the "August 1 Hearing"). [Dkt. 36]. On August 9, 2018, the Court issued an Order directing

---

[1] Defendant's Motion to Amend or Alter Judgment ("Motion to Amend") [Dkt. 40] contains facts and reasoning largely duplicative of those in Defendant's Motion to Modify Injunction [Dkt. 42]. The difference between the Motions is that the Motion to Amend [Dkt. 40] cites the basis of the Court's authority as Federal Rule of Civil Procedure 59(e) and proposes the standard of "correcting clear error or manifest injustice", while the Motion to Modify Injunction [Dkt. 42] invokes the Court's inherent authority. [*See* Dkt. 40 at 1; Dkt. 42 at 1-2]. As the Court recognizes its discretion to modify the injunction, addressing Defendant's arguments using the more stringent "clear error or manifest injustice" standard is unnecessary. The reasons herein apply to both motions.

Bakery to continue producing Element's products by the terms of the Agreement at the price the parties agreed upon in September 2017. [Dkt. 38 at 16-17]. Bakery asks the Court to modify the pricing terms specified in the Order, hold Element's security with the Court rather than Element's counsel, and amend the duration of the Order. [Dkt. 42]. Bakery also filed a Motion to Stay the Order while the Court resolves the Motions to modify the Order. [Dkt. 41]. Bakery's Motions are DENIED for the reasons stated herein.

## I. September 2017 Pricing

Bakery requests that the Order be amended to provide that "A) the parties are ordered to attempt to reach agreement on new pricing; and B) the parties are ordered to appear before Magistrate Smith on a date certain (preferably no later than August 23, 2018) to resolve any remaining differences regarding the new pricing of product to be supplied by defendant pursuant to this Order." [Dkt. 42 at 3]. In support of this request, Defendant asserts that "the Court's injunction does not maintain the status quo but significantly alters the Agreement." [*Id.* at 2]. Bakery argues that the Order is "contrary to the explicit terms of the parties' Agreement (Section 2) which provides for periodic updating of prices." [*Ibid.*]. Bakery also claims that the September 2017 pricing does not address the production of certain products which were developed after September 2017. [*Id.* at 3].

Element's Motion for Preliminary Injunction asked the Court to maintain the status quo between the parties while their dispute is arbitrated. [Dkt. 2-1 (Plaintiff's Motion for Preliminary Injunction) at 2]. As stated in the

Order, it is the law in this circuit that the status quo sought to be maintained by a preliminary injunction is "the last actual, peaceable, uncontested status which preceded the pending controversy." *LaRouche v. Kezer,* 20 F.3d 68, 74 n.7 (2d Cir. 1994); *North American Soccer League, LLC. v. United States Soccer Federation, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). "The decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." *Weight Watchers Intern., Inc. v. Luigino's Inc.*, 423 F.3d 136, 141 (2d Cir. 2005). The Court has "inherent" discretionary authority to modify its injunction. *Sierra Club v. U.S. Army Corps of Engineers,* 732 F.2d 253, 256 (2d Cir. 1984).

Bakery had the opportunity to present evidence regarding the status quo both in writing and at the August 1 Hearing. [*See* Dkt. 36]. The Court asked Bakery's CEO, Michael Smulders, whether continuing production of Element's products at a loss would "impact the viability of [Bakery's] business," to which Mr. Smulders replied that it would not. [Dkt. 36 (Testimony of Michael Smulders) at 3:41:00-3:41:15]. Bakery's counsel told the Court at the conclusion of Mr. Smulders' testimony that Bakery had no further questions for Mr. Smulders and no further witnesses to offer. [*Id.* at 4:37:04-4:37:15]. The Court indicated that it would rule based on the facts before it at the conclusion of the August 1 Hearing, and Bakery did not object. [*Id.* (Ruling) at 4:57:30-4:57:50]. Bakery presented no evidence that the parties had agreed to update the price following September 2017 and

prior to the dispute. At no time prior to entry of the Order did Bakery raise the issue of pricing for products not included in the original price agreement. The Court declines to modify the pricing established in the Order.

Bakery has not shown that the Order incorrectly characterizes the status quo ante. The evidence presented to the Court shows that the last time the Parties agreed upon a price was September of 2017. Element paid Bakery based on this price until the current dispute, which began when Bakery threatened to terminate the Agreement. [Dkt. 24 (Amended Affidavit of Nadia Leonelli) ¶ 55]. Element asserts that it considers the September 2017 price, based on a detailed invoice from Bakery following trial production runs, to be the last price agreed upon. [*Id.* ¶¶ 36, 42]. Bakery presented no evidence of any superseding agreement on price. In contrast, Mr. Smulders testified that there was never an agreement on price. [Dkt. 36 (Testimony of Michael Smulders) at 3:14:45 ("There is no agreed-upon price"); 4:16:32 (there was no agreement on price in September 2017)]. This interpretation of the facts is implausible based on the language of the Agreement and the performance of the parties. Prior to the threatened termination, Bakery was producing Element's products and accepting Element's payments. Bakery insisted at the August 1 Hearing that the Agreement did not bind the parties to a fixed price for each six-month period, but Plaintiff's interpretation more closely aligns with the language of the Agreement. [*See* Dkt. 38 at 2-4]. Bakery acknowledged that it had not provided Plaintiff with sufficient information to reach an updated agreement

on price until early July 2018, as the most recent proposals sent by Bakery contained errors. [Dkt. 36 (Testimony of Michael Smulders) 1:37:00-1:39:00]. The state of affairs maintained by the Order is the arrangement by which Element was paying Bakery at the September 2017 price and Bakery was manufacturing Element's products.

Bakery, in its request to modify the pricing conditions, effectively seeks to re-litigate the issues addressed in the parties' submissions on Element's Motion for Preliminary Injunction and at the August 1 Hearing. Re-opening the record for this purpose requires disregarding the "law of the case" doctrine. Under that doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.2d 95, 99 (2d. Cir. 2009) (internal quotation marks omitted). This is a discretionary doctrine that does not limit the Court's ability to modify its own injunction, but it "expresses the general practice of refusing to reopen what has been decided." *Brody v. Vill. Of Port Chester,* 345 F.3d 103, 110 (2d. Cir. 2003)(quoting *United States v. Martinez,* 987 F.2d 920, 923 (2d Cir. 1993). In the District of Connecticut, motions to reconsider a judgment "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. Local R. 7(c)(1).

Bakery has not provided "cogent and compelling reasons" for modification of the Order. Instead, Bakery unilaterally proposes an entirely

new scheme of injunctive relief. Bakery refuses to accept the Court's decision, claiming that the Order requires Bakery to "sell product to plaintiff at prices lower than the prices plaintiff is entitled to charge pursuant to the parties' Agreement." [Dkt. 43 (Affidavit of Michael Smulders) ¶ 10]. The task for this Court is not to discern and mandate a price that Element is entitled to charge, it is to maintain the status quo as it existed prior to the parties' dispute.

Evidence of additional products that were not accounted for in September 2017 was not presented to the Court at the August 1 Hearing or discussed in the parties' submissions, and the Court has no basis on which to evaluate the effect of these products on the status quo ante. The Court leaves it to the parties to resolve the prices for these products in accordance with the terms of the Agreement and consistent with the price paid prior to the dispute.

Finally, Bakery asks the Court to go beyond maintenance of the status quo, asking for referral to a magistrate judge to facilitate the parties' heretofore unsuccessful price negotiations. [Dkt. 42 at 3]. At the August 1 Hearing, the Court offered to refer the parties to a magistrate judge prior to ruling on the preliminary injunction. [Dkt. 36 (The Court) at 4:51:50-4:52:38]. This offer of referral was an effort to ensure that Bakery was paid a reasonable price for its performance. Bakery appeared pessimistic about the possibility of settlement, explaining to the Court the complexity of such negotiations. [*Id.* (Statements of Counsel) at 4:48:22-4:48:50]. The parties

did not request a referral at the August 1 Hearing and made no joint motion for referral.  Absent such a joint request, the proper forum for the resolution of the parties' payment disputes, as contemplated by the Agreement, is the ongoing arbitration.  Through the arbitration, Bakery can obtain damages for the difference, if any, between the correct contract price and the price Element has paid.  This Court seeks only to preserve the position of the parties during the arbitral proceedings.

II.    <u>Where Funds to be Posted as Security by Plaintiff Shall Be Held</u>

The Court recognizes Bakery's concerns regarding Element's posted security.  [Dkt. 42 at 3].  The Court ordered Element to place $150,000 in escrow with Element's counsel.  [Dkt. 38 at 17].  Element's counsel, Matthew Ritchie, provided notice that the security ordered by the Court has been received from Element.  [Dkt. 44].  The Court directs Element to hold the security with local counsel, Pamela LeBlanc, a member of the Bar of the District of Connecticut, rather than visiting Attorney Ritchie.

III.    <u>Duration of the Court's Order</u>

Bakery asks that the Court amend the Order to state: "This Order shall remain in effect until the earlier of the expiration of the Agreement according to its terms or the date the parties' arbitrator has issued a final decision." [Dkt. 42 at 4].  This modification is unnecessary.  The Order provides that Defendant shall "resume manufacturing Plaintiff's products <u>as provided in the Agreement</u> within 48 hours after Plaintiff's counsel notifies Defendant's counsel that it is in receipt of the security ordered[.]"  [Dkt. 38 at 16-17

(emphasis added)]. The Agreement provides for a renewable term. [Dkt. 1-1 § 3(a)]. Therefore, if the Agreement expires on its terms before the Parties' arbitration concludes, Bakery is no longer compelled to continue manufacturing Element's products.

IV.    <u>Conclusion</u>

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Amend, DENIES Defendant's Motion to Modify Injunction, and ORDERS:

1.    Plaintiff to transfer the $150,000 security to Attorney Pamela LeBlanc, 750 Main Street, Suite 606, Hartford, CT 06103;

2.    Plaintiff to provide a copy of this judgment to the parties' arbitrator.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  August 29, 2018